## ABIGAIL BANKS *vs.* DOMINICUS PIKE & al.

In an action against two defendants, they are not entitled to set off a demand against the plaintiff in favor of one of them.

THIS was an action on a note of hand, and came before the Court on a statement of facts. The note was made to the plaintiff, or her order, by *Dominicus Pike*, as principal, and by the other defendant as surety. *D. Pike* filed in set-off his own individual account against the plaintiff, claiming an amount exceeding the note. The question submitted, was whether the defendants were entitled to the set-off.

*Fairfield & Haines,* for the plaintiff.

At common law there was no set-off allowed, of unconnected claims. Each party was driven to his action. The law of set-off before judgment, is regulated entirely by statute. The *stat.* of 1821, *c.* 59, *sec.* 19, speaks only of demands between the parties to the suit; and by this is intended the identical parties to the action; a mutuality of demands. The statute also provides, that in

Banks v. Pike.

such case the defendant shall have judgment for any balance found in his favor, in the same manner as if he had brought his action therefor. The consequence would be, that if this set-off be allowed, that one of the defendants would recover a sum of money against the plaintiff, when she was never indebted to him. *Walker* v. *Leighton*, 11 *Mass. R.* 140; *Sherman* v. *Crosby*, 11 *Johns. R.* 70; *Palmer* v. *Green*, 6 *Conn. R.* 14; *Ross* v. *Knight*, 4 *N. H. Rep.* 236; *Osborne* v. *Etheridge*, 13 *Wend.* 339.

*J. & W. B. Holmes*, for the defendants.

The justice of the case requires the set-off to be allowed. The account may have been suffered to run up for payment of the note. Either defendant might pay the note in money, and either is entitled to pay by offsetting a demand of his. A fair construction of the words of the statute shows such to have been the intention of the legislature. There is no necessity of rendering a judgment for the balance, and no claim is made for it in this case. *Lyman* v. *Estes*, 1 *Greenl.* 182; *Barney* v. *Norton*, 2 *Fairf.* 350.

The opinion of the Court, after a continuance, was drawn up by

Weston C. J. — The provisions of the law in respect to accounts in offset, *stat.* of 1821, *c.* 59, § 19, cannot be carried out, unless the parties having cross demands are identical. The party defendant is to recover the balance, if his demand proves to be greater than that of the plaintiff, in the same manner, as if he had brought an action therefor. One of the defendants has no interest in the account filed here, which overbalances the note sued; and there would be no propriety in rendering judgment for that balance, in favor of both defendants. This is admitted; and the counsel for the defendants claim therefore the allowance of the account only to the amount of the note. But the manifest intention of the statute was, to make an end of the whole matter, and not to split up the account, and leave the balance open to future litigation. This case is precisely like that of *Walker* v. *Leighton & al.* cited in the argument, where the offset, under a similar statute in *Massachusetts*, was disallowed. The claim of offset is not sustained; and upon the facts agreed, there must be judgment for the plaintiff.